## No. 6341.

### JOSEPHINE JOHNSON vs. CLARK & MEADER.

Where the appeal bond is made in favor of the appellee instead of the clerk of the court, it will, on motion to that effect, be dismissed. Nor will any surreptitious interlineation of the bond, made after the motion to dismiss, by which the clerk is substituted for the appellee, avail to prevent the dismissal of the appeal.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J. Gibson & Gibson,* for plaintiff and appellee. *J. Tharp,* for defendants.

The opinion of the court was delivered by MANNING, C. J.

This case was recently remanded to the lower court with directions to try contradictorily with the parties the question of an alleged alteration of the transcript subsequent to its filing in this court.

A motion had been made to dismiss the appeal upon the ground that the bond for appeal was in favor of the appellee instead of the clerk of the court from which the appeal comes. When this motion came up for hearing, the counsel for appellee suggested that the original appeal bond, and also the copy in the transcript, had been altered by interlining the name of the clerk of the court, since the motion to dismiss was filed. Sworn statements of the counsel and others were presented verifying this suggestion of alteration of the record. Upon this, since original evidence is not adducible in this court, and the appellee should not be deprived of the relief to which she claims to be entitled because the records have been tampered with, the order to remand for the purpose of trying this question alone was made. The record of that trial is now before us, as well as the original suit.

The judge of the lower court now certifies to us that the appeal bond was altered by the insertion of the name of the clerk after the bond had been filed in the lower court, and after the transcript had been filed in this court; that the transcript of the suit was also altered by the insertion of the name of the clerk in the appeal bond as copied therein after it was filed in this court, and the judge was of opinion and so adjudged that the name of the clerk of the lower court was inserted by interline-

ation both in the original appeal bond and in the transcript after that transcript had been filed in this court.

So grave a matter requires of us the closest examination and the clearest elucidation. We have therefore examined the evidence in its minutest detail, and we find that it justifies the judgment of the lower court.

Mr. Mackinley Gibson, the attorney of the appellee, swears that the appeal bond was made in favor of the plaintiff, Josephine Johnson, and no one else, on the eighth of May, 1876; that after the bond was executed and filed he obtained the papers in- the suit, carried them to his office, and there pointed out to Mr. G. L. Hall that feature of the bond; that he retained the papers in his office until the Friday preceding the Monday which was the return day of the appeal, when he delivered them to the attorney of record of the defendants upon his applying for them; that before thus delivering them he again examined the bond, and again exhibited it to Mr. Hall, both of whom saw that it was unchanged; that on fifteenth of same month, which was the return day, he went to the clerk's office of the Supreme Court and examined the transcript which had been filed, and that it was a correct transcript of the bond as executed, being payable in favor of plaintiff only; that he called the special attention of Mr. Julien, the deputy clerk of this court, to the form of the bond as copied in the transcript, saying he intended to base a motion to dismiss upon its informality; that he then went to the clerk's office of the Fourth District Court, and inspected the original bond again, and it was unaltered, and he then made a copy of it himself, and on the next day filed his motion to dismiss on the ground that the bond for appeal is not in favor of the clerk of the lower court. It was not until several months afterward he discovered upon a re-examination of the transcript that the name and designation of the clerk of the lower court had been interlined in the transcript of the bond, and immediately proceeding to that court-room he found the same interlineation had been made in the original bond.

Mr. Hall confirms this testimony touching the exhibition of the bond to him, and his examination of it, and subsequently of the transcript. Mr. Julien, the deputy clerk of this court, testifies that his attention was pointedly directed to the appeal bond as copied in the transcript, and that the name of the clerk was not then inserted or interlined therein; that the transcript was then on file in the clerk's office of this court, and the interlineation was made after the filing, and after the motion to dismiss had been made. George Caselar, the copying clerk of the Fourth District Court, swears that after the bond was filed in that court he made a copy of it for Mr. Gibson, and the name of the clerk of that court was not then in the bond, and he remembers that fact distinctly,

because he remarked it to Mr. Gibson, who replied that was the reason he wanted the copy made and certified. Mr. Palms, the minute clerk of that court, identifies that certified copy as a correct copy of the bond as originally filed. Edward De Blois, the clerk of the lower court, says he certified the transcript which was brought to him for that purpose by Mr. Chalon, who had charge of his office, without examining it, and Mr. Chalon is dead. John M. Meilleur then appears on the scene and informs us that he made the transcript, having been engaged by Mr. Chalon to do it. The body of the appeal bond is also in his hand-writing, and so also are the interlineations both of bond and transcript. He was thus interrogated :

"Do you remember what day you put the interlineation in ?"

Answer—"I could not remember the day or date, but I remember very well. · I think it was the day before filing the transcript or the day after, I am not sure, either Friday or Saturday or Thursday," and afterward replying to a similar question, says the interlineation was made in the transcript either on the day of filing or the day before.

When questioned as to the time when the interlineation of the bond was made, says that it may have been the day after, but afterward he can not say it might not have been a month or two months after it was filed. He had stated that he made the transcript and wrote the bond in the office of the attorney of the appellants, and afterward corrected himself, and said it was written in the office of the clerk of the Fourth District Court, whereupon the attorney of the appellants on cross-exami-nation called on him then to state which place was the one where he did write the whole bond, and he answers "in your office;" and finally at the conclusion of his examination avows that the interlineations were made with the knowledge, consent, and approbation of Mr. Chalon.

Mr. W. E. Murphy then testifies to his knowledge of Mr. Chalon, and declares that he was incapable of authorizing Meilleur to alter the records as sworn to by him. He was an experienced clerk, and knew his duties—an honest man who felt his responsibilities.

It did not require testimony of the character of the deceased Chalon or of his business habits, or of the possibility of his acting in a certain way in certain circumstances, to convince us that the interlineations of these records were not made at the time and under the circumstances mentioned by Meilleur. The testimony of all the parties whose business and interest was to examine and remember the facts leaves nothing to be desired for the completion of the proof. We find that the interlinea-tions, both in the original bond and the transcript, were made after that transcript was filed in this court, and after the motion to dismiss was filed.

We should not discharge our whole duty while these facts are brought

under our immediate cognizance, were we to omit calling the notice of the proper officers to these developments of the trial below, and we accordingly direct the attention of the Attorney General to them, in order that he and others whose duty is to search out and prosecute offenders, may institute the proper proceedings to ascertain whether the acts of any of the parties implicated by these disclosures make them amenable to the criminal laws. The sanctity of judicial records should be vindicated, and tamperers be taught by example that the integrity of these records may not be violated with impunity.

Our function now is to thwart the attempt to defeat the course of law in the present suit. When the motion to dismiss was filed, the bond in its then condition justified it. Its subsequent alteration shall not prejudice the rights of the appellee, and it is therefore ordered that the appeal be and it is hereby dismissed at the costs of appellants.